IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMIN AL BAKRI, *et al.*, | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil Action No. 1:08-CV-01307 (ESH) |
| GEORGE W. BUSH, *et al.* | ) ) ) | |
| Respondents. | ) ) ) | |

**RESPONSE TO COURT'S ORDER OF AUGUST 4, 2008
AND ALTERNATIVE CONSENT MOTION FOR EXTENSION OF TIME**

Respondents hereby submit this response to this Court's Order of August 4, 2008. That Order provided that because it does not plainly appear from the petition that petitioner is not entitled to habeas relief, respondents are ordered to file an answer, motion, or other response by September 4, 2008. This is such a response. The August 4 Order further required respondents to address "whether this case should be consolidated with Civil Action No. 06-1669 (JDB) for resolution of the legal question of whether this Court has jurisdiction over the habeas petition of a petitioner detained at Bagram Air Base in Afghanistan." Order at 1. Respondents inform the Court of the following:

1. On July 28, 2008, a habeas petition was filed on behalf of petitioner Amin Al Bakri, who alleges that he is a Yemeni citizen in the unlawful custody of the United States military in Bagram, Afghanistan.

2. The Department of Defense ("DoD") has determined that petitioner Amin Al Bakri is currently in DoD's custody and control. Specifically, DoD's records reflect that DoD is currently detaining at the Bagram Theater Internment Facility, a DoD detention facility located

at the Bagram Airfield in Afghanistan, a Yemeni citizen whose name is the same as, or closely similar to, petitioner's name and whose father's name is the same as, or closely similar to, the name of petitioner's father. Respondents intend to move to dismiss this action for lack of subject matter jurisdiction.

3.    This case raises the identical jurisdictional issue as three other habeas cases pending in this Court, including the one referenced in the Court's August 4, 2008 Order: *Maqaleh v. Bush*, Civ. No. 06-1669 (JDB); *Ahmad v. Bush*, Civ. No. 08-952 (PLF); *Wazir v. Gates*, Civ. No. 06-1697 (RBW). All four cases involve alien enemy combatants detained by the United States at Bagram Airfield who challenge the legality of their detention, and all involve the issue of whether these petitioners have the constitutional privilege of habeas corpus.[1] Accordingly, assuming the petitioners in these cases remain in the custody of the United States, respondents believe that consolidating these four cases, for the purpose of resolving the jurisdictional issue only, would be the most efficient way to resolve the identical jurisdictional issue in these cases.

4.    At a minimum, respondents believe that briefing of the jurisdictional issue in these cases should be synchronized. In *Maqaleh*, pursuant to the parties' agreement, Judge Bates has set a briefing schedule for respondents' motion to dismiss: respondents' opening brief is due by September 15, 2008, petitioners' opposition is due by October 15, 2008, and respondents' reply is due by November 5, 2008. Respondents plan to propose that same schedule in *Wazir*,

---

[1] In one other case, *Ruzatullah v. Bush*, Civ. No. 06-1707(GK), also filed by alien detainees held by the United States at Bagram, the jurisdictional issue raised is different because the only petitioner remaining in that case has been transferred out of the United States' custody and control.

although an issue as to the identity of the habeas petitioner in that case is still open. As for *Ahmad*, respondents similarly plan to file their motion to dismiss on September 15, 2008. Accordingly, respondents respectfully request that at a minimum, this Court adopt the same briefing schedule as that issued by Judge Bates in *Maqaleh.*

5. Respondents further state that if this Court deemed its August 4, 2008 Order as requiring respondents to file their motion to dismiss by September 4, then respondents respectfully request in the alternative that they be given a short extension of time until September 15 to file their motion. Such relief is warranted not only because it would allow for coordinated handling of the jurisdictional issue presented by this case and the others identified above, but also because of the press of other litigation that the undersigned counsel is handling.

6. Pursuant to Local Civil Rule 7(m), the undersigned counsel conferred with counsel for petitioner on September 3, 2008 regarding respondents' alternative motion for an extension of time. Counsel for petitioner indicated that petitioner consents to an extension until September 15, 2008.

Dated: September 4, 2008                          Respectfully submitted,

                                                  GREGORY G. KATSAS
                                                  Acting Assistant Attorney General

                                                  JOHN C. O'QUINN
                                                  Deputy Assistant Attorney General

                                                    /s/   Jean Lin
                                                  JOSEPH H. HUNT
                                                  VINCENT M. GARVEY
                                                  TERRY M. HENRY
                                                  JUDRY L. SUBAR
                                                  JEAN LIN
                                                  Attorneys
                                                  United States Department of Justice

                Civil Division, Federal Programs Branch
                20 Massachusetts Ave., N.W.
                Washington, DC  20530
                Tel:  (202) 514-3716
                Fax: (202) 616-8470

                Attorneys for Respondents