**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FADI AL-MAQALEH,** *et al.*,<br><br>    Petitioners,<br><br>        v.<br><br>**ROBERT GATES,** *et al.*,<br><br>    Respondents. | **Civil Action No. 06-1669 (JDB)** |
| **AMIN AL-BAKRI,** *et al.*,<br><br>    Petitioners,<br><br>        v.<br><br>**BARACK H. OBAMA,** *et al.*,<br><br>    Respondents. | **Civil Action No. 08-1307 (JDB)** |
| **REDHA AL-NAJAR,** *et al.*,<br><br>    Petitioners,<br><br>        v.<br><br>**ROBERT GATES,** *et al.*,<br><br>    Respondents. | **Civil Action No. 08-2143 (JDB)** |

**PETITIONERS' RESPONSE TO RESPONDENTS' SUPPLEMENTAL DECLARATION**

On December 20, 2010, Respondents filed a second declaration by William K. Lietzau, Deputy Assistant Secretary of Defense for Detainee Policy.   This new declaration, dated December 17, 2010, resembles Mr. Lietzau's prior declaration of October 1, 2010.   However, where it differs from its predecessor, the new declaration actually bolsters arguments presented by Petitioners in their Joint Motion to Amend Petitions for Writ of Habeas Corpus.   Indeed, the new Lietzau Declaration further demonstrates that the U.S. government's claims regarding the eventual transfer of some detainee operations at Bagram to the Afghan government are irrelevant to this case.   Petitioners in this case are all non-Afghans who—by admission of the U.S. government's own declarant—would remain in indefinite U.S. military custody at Bagram even if the rest of U.S. detention operations were eventually transferred to Afghan control.   These petitioners' imprisonment without charge or reliable process, which has continued for more than eight years, must finally be reviewed by a court of law.

The U.S. government now openly concedes what it previously refused to acknowledge—an intent to maintain indefinite control over Petitioners and other non-Afghans at Bagram.   *See* Resp'ts' Opp'n to Pet'rs' Joint Mot. to Amend Pets. for Writ of Habeas Corpus at 6, ECF No. 52.   Petitioners had previously noted that, by dismissing as speculative past reports exposing these plans to maintain indefinite control, the U.S. government essentially demanded a level of confirmation that only it could provide.   Pet'rs' Reply in Further Support of Their Joint Mot. to Amend Pets. for Writ of Habeas Corpus at 14-15, ECF No. 54.   The government has now provided that confirmation.   According to Mr. Lietzau, the U.S. government will "construct at least one additional detainee housing unit adjacent to the DFIP [the Detention Facility in Parwan] during the next year" that "will enable U.S. forces to continue to conduct detention operations on a limited basis during the ongoing surge in military operations in Afghanistan *and pending the*

*transfer of non-Afghan detainees to their home countries or to third countries*." Lietzau Decl. ¶ 6, Dec. 17, 2010, ECF No. 55 (hereinafter "Second Lietzau Decl.") (emphasis added).

Whether, when and on what terms such transfers might be attempted remains entirely within the U.S. government's exclusive discretion, as Mr. Lietzau has now made plain. *See* Second Lietzau Decl. ¶ 9 (stating that "the United States may seek" to transfer non-Afghan prisoners whose U.S.-operated periodic review board indicates that their alleged "threat may be mitigated by some lawful means other than continued internment by U.S. forces"). Moreover, such transfers will only be attempted when the U.S. government is satisfied that the receiving governments "are willing to accept responsibility for ensuring … that the detainee will not continue to pose a threat to the United States and its allies." *Id*. For Fadi al-Maqaleh, Amin al-Bakri and Redha al-Najar, the statements in Mr. Lietzau's declaration only confirm what they know all too well nearly a decade into their imprisonment: that the U.S. government intends to imprison them indefinitely in its custody, without any form of independent review, judicial or otherwise.[1]

Mr. Lietzau further claims that "U.S. Forces will eventually transition this additional detention capacity to the [Government of the Islamic Republic of Afghanistan], consistent with [a] conditions-based approach." Second Lietzau Decl. ¶ 6. Even setting aside its explicitly conditional nature, it bears emphasis that this eventual transition will take place at an unspecified

---

[1] A recent statement by Vice Admiral Harward further corroborates the U.S. government's intent to maintain indefinite custody and control over Petitioners and other non-Afghans at Bagram. *See* Farah Stockman, *Kinder Prison, Swifter Justice for U.S. Detainees in Afghanistan*, BOSTON GLOBE (Jan. 18, 2011) (attached as Exhibit 1) ("Not everyone is eligible for the rehabilitation programs or speedy release; 119 inmates have been detained for more than two years, about 80 of whom Harward said the United States intends to keep indefinitely because they are third-country nationals or Al Qaeda affiliates deemed a serious security threat outside Afghanistan."). The article also notes that the U.S. government has allowed thirty-six full-blown trials since June 2010 of Afghan prisoners in its custody. Stockman, *supra*. These trials have been conducted by an Afghan court whose "judges, prosecutors, and forensic experts are mentored by Americans." Stockman, *supra*. These thirty-six American-backed trials cast grave doubt on the U.S. government's claims to date that "practical obstacles" in Afghanistan prevent the extension of habeas jurisdiction to Messrs. al-Maqaleh, al-Bakri, and al-Najar.

date that is even later than the handover of the main Detention Facility in Parwan (DFIP).  The additional facility that will house Petitioners is intended "to expedite transition of the DFIP to the [Afghan government]" by preserving a separate area of total and exclusive U.S. detention authority beyond the DFIP.  Second Lietzau Decl. ¶ 6.  The United States clearly intends to hold onto the additional facility—and Petitioners in this case—beyond the handover of the DFIP to Afghan control.[2]  Moreover, as already indicated by Petitioners, the Afghan government has never once publicly expressed any interest in taking custody of or prosecuting Petitioners, who are not Afghan nationals, but were unlawfully rendered to Afghanistan.  Pet'rs' Reply 21.

As in his October 1, 2010 declaration, Mr. Lietzau asserts that "the DFIP is not intended to serve as a permanent U.S. facility."  Second Lietzau Decl. ¶ 10.  This assertion has no relevance, however, to the question of habeas jurisdiction at Bagram, because jurisdiction does not require "permanent" U.S. presence at the site of detention.  In *Boumediene v. Bush*, the Supreme Court focused on the *indefinite* nature of the U.S. government's control of the naval station at Guantánamo Bay, Cuba.  553 U.S. 723, 768 (2008).  Here, Mr. Lietzau concedes the U.S. government's indefinite control over Petitioners and the facility where they will remain imprisoned at Bagram.

Mr. Lietzau further states that the "United States does not intend to continue to use the DFIP to detain any person . . . beyond the cessation of hostilities with the Taliban, al Qaida, and associated forces" and that "[t]he United States has no interest in holding detainees longer than necessary."  Second Lietzau Decl. ¶ 10.  Such assurances have no meaning for Petitioners.  To

---

[2]  Transfer of the DFIP itself to complete Afghan control appears highly uncertain at this time.  A recent report quoting U.S. officials indicates that the transfer will be contingent on the implementation of reforms to the Afghan detention system that the United States wishes for the Afghan president to impose unilaterally.  The reforms sought by the United States would move the Afghan system away from the use of trials and towards what has come to be known as the U.S. approach of indefinite, extrajudicial military detention.  *See* Rajiv Chandrasekaran, *Afghan Officials Want to Prolong Detentions*, WASHINGTON POST (Jan. 26, 2011) (attached as Exhibit 2).

the contrary, it is the U.S. government's unilateral assessment of necessity that has allowed

Petitioners to remain imprisoned for more than eight years now without meaningful, independent

review.  Pet'rs' Reply 14.  The Supreme Court strongly cautioned that "the national security

underpinnings of the 'war on terror,' although crucially important, are broad and malleable . . . .

If the Government does not consider this unconventional war won for two generations, . . . then

the position it has taken . . . suggests that [an individual's] detention could last for the rest of his

life."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 520 (2004).  Unlike Hamdi, Petitioners here are neither

alleged Taliban combatants nor were they captured in Afghanistan with any relation to the

hostilities there.  However, they run the very risk the Supreme Court alluded to—languishing in

a U.S. military prison for the remainder of their natural lives with no meaningful opportunity to

challenge their imprisonment.


Dated: February 3, 2011

Respectfully submitted,


____/s/_____          ____/s/_____
Ramzi Kassem                     Tina Monshipour Foster
*Supervising Attorney*           Barbara J. Olshansky
                                 Rehan Abeyratne*

Golnaz Fakhimi
Isabelle Rogin
Jillian Sebastian                **International Justice Network**
*Law Student Interns*            P.O. Box 610119
                                 New York, NY 11361
**Main Street Legal Services, Inc.**   (718) 717-8467
**City University of New York**
**School of Law**                *Counsel for Petitioners Fadi al-Maqaleh, Redha*
65-21 Main Street                *al-Najar, and Amin al-Bakri*
Flushing, NY 11367
(718) 340-4558
                                 *\*law clerk, not yet admitted*
Hope R. Metcalf
*Supervising Attorney*

Robert Braun
Curtis Isacke
Christine Ku
*Law Student Interns*

**National Litigation Project**
**Lowenstein Int'l Human Rights Clinic**
**Yale Law School**
127 Wall Street
New Haven, CT 06511
(203) 432-9404

*Lead Counsel for Petitioner Amin al-Bakri*

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2011, I caused a true and accurate copy of Petitioners'

Response to Respondents' Supplemental Declaration to be filed with the Court and served upon

the following counsel for Respondents, by operation of the Court's ECF system and via

electronic mail:


Jean Lin, Esq.
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave, N.W.
Washington , D.C., 20530


_____/s/_____
Ramzi Kassem